ORDER DENYING APPEAL
GARY P. SULLIVAN, Chief Justice.
A timely NOTICE OF APPEAL having been filed on December 15, 2003 by Kimberly Johnson, Tribal Prosecutor, from an Order to Release, issued by the Honorable John Christian, on December 1, 2003, and no good cause appearing therefore, the said appeal is denied for the reasons set forth below.
On December 1, 2003, the juvenile herein was charged with being a delinquent youth pursuant to Title IX CCOJ 2000 § 102(g) for an alleged violation of Title VII CCOJ 2000 § 231 (Simple Assault) for an incident on November 26, 2003, wherein the juvenile allegedly struck another youth in the face.
The matter came before Tribal Juvenile Judge John Christian on December 1, 2003 at which time the Tribal Court adjudged the youth guilty and issued its “Final Disposition” order which states “# 1962-SA-Time served-Continue working with YDI.” In a corresponding Order of Release also issued on December 1st, the Tribal Court stated, “Release to mother (name)-Time served.” The record does not reflect when the youth was taken into custody.
The Tribal Prosecutor argues that at the December 1st hearing, the Court “did not follow procedures in regards to Title IX, Chapter 3, Section 303” in that *148 the Court asked M.F.H. to plead before reading his rights.
It is difficult to understand how the failure of the reading of the youth’s rights would adversely impact the Tribal Prosecutor in any given case, thus it is even more difficult to understand why the Tribal Prosecutor alleges that failure as the sole basis for this appeal.
Regardless of the reasoning employed by the Tribal Prosecutor, such failure to read defendant’s right is not an occasion upon which the Tribal Prosecutor can claim error. The Tribal Court heard the matter, found the youth guilty of the underlying charge of simple assault and, for reasons not stated in the order, failed to find that the matter required any further intervention by the Court than what was stated in the Order of Release.
The Tribal Court enjoys discretion when imposing sentences and this Court will not disturb those sentences unless there is an abuse of that discretion. (See In re: B.R.Y. FPCOA # 419 (2003) at page 4.) No such discretionary abuse appears in this matter, therefore the appeal is denied.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
All Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this Appeal, are herewith restored and shall be given full force and effect without further delay.